**DAVIS & BRUSCA, LLC**
100 Charles Ewing Boulevard
Suite 150
Ewing, NJ 08628
Office:   (609) 786-2540
Fax:      (609) 939-0333
By:
  Mark W. Davis, Esquire 03420-1996
  Attorney(s) for Plaintiff

| | |
|---|---|
| CARLA TOOLAN,<br><br>                              Plaintiff(s)<br><br>vs.<br><br>DOOLEY CONTRACTING, INC.; JOSEPH OSTENDORF; AND JOHN DOES 1 - 20<br><br>                              Defendant(s) | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>NEWARK VISCINAGE<br><br>DOCKET NO:<br><br><u>Civil Action</u><br><br>**COMPLAINT**<br><br>**JURY DEMAND**<br><br>**DEMAND FOR DISCOVERY** |

      **COMES NOW** the Plaintiff, CARLA TOOLAN residing in Gerrardstown, West Virginia and, by way of Complaint against the within defendants, says:

## JURISDICTIONAL & VENUE ALLEGATIONS

1. At all times material, the Plaintiff, Carla Toolan (hereinafter "TOOLAN"), was a resident of Gerrardstown, West Virginia, who was involved in a motor vehicle collision with the defendants which occurred in the State of New Jersey on August 13, 2020.

2. At all times material, upon information and belief, Defendant, Joseph Ostendorf (hereinafter "OSTENDORF"), whose domicile is 187 Webster Road, Roanoke, Virginia, was a commercial driver operating a tractor-trailer for Defendant(s),

DOOLEY CONTRACTING, INC. and/or John Does 1-20, when he collided with the rear of the Plaintiff's vehicle within the State of New Jersey.

3. At all times material, upon information and belief, Defendant, DOOLEY CONTRACTING, INC (hereinafter "DOOLEY"), is a commercial trucking company with its principal place of business located at 1390 Mountain View Church Road in Blue Ridge, Virginia, and on whose behalf Defendant, OSTENDORF, was driving as employee/agent, at the time of his aforesaid collision with Plaintiff, TOOLAN.

4. The aforesaid collision between Plaintiff, TOOLAN, and the commercial truck operated by Defendant OSTENDORF occurred on I-287, at or near milepost 39, in Hanover Township, Morris County New Jersey, causing extensive physical damage and severe personal injuries to Plaintiff, TOOLAN, the value of which exceeds the $75,000 jurisdictional threshold for this Court.

5. This court has jurisdiction over the matter in controversy by virtue of diversity of citizenship pursuant to 28 U.S.C. §1332.

6. Venue is properly laid before this Court pursuant to 28 U.S.C. §1391

## FIRST COUNT

7. Plaintiff, TOOLAN, hereby adopts by reference the allegations of jurisdictional paragraphs 1-6 of this complaint as if set forth more fully herein.

8. On or about August 13, 2020, at approximately 11:39 pm, Plaintiff Carla Toolan, while driving her car in stop-and-go traffic on I- 287, was violently struck in the rear by that certain commercial tractor-trailer operated by , Defendant, OSTENDORF, in the course and scope of his relationship as employee, agent and/or representative of Defendant(s), DOOLEY and/or JOHN DOES 1-20, causing damages to Plaintiff's property and person, as aforesaid..

9. At the present time, the identity of Defendant(s), "John Does 1-20" is/are unknown to Plaintiff and thus "John Doe" is a fictitious designation representing one or more corporations, partnerships, joint ventures, persons or other entities, whether real or fictitious, who owned, leased, operated or maintained the aforesaid vehicle which struck the Plaintiff, or who employed Defendant, OSTENDORF, and/or otherwise contributed, in whole or in part, to the accident at issue or the resulting injuries and related harms and losses suffered by the Plaintiff and/or which are otherwise liable for said collision and the losses sustained.

10. At all times material, Defendants, DOOLEY, OSTENDORF and/or JOHN DOES 1-20, owed duties of care related to the operation and/or maintenance of the aforesaid commercial vehicle, which included, but are not limited to, the following:

   a. To pay attention to the evolving traffic conditions ahead of said vehicle and to keep a safe and proper lookout;

   b. To keep the vehicle safely under control;

   c. To travel at a speed with is safe and appropriate for the presenting conditions;

   d. To keep a safe following distance;

   e. To yield the right of way and refrain from colliding with other motorists;

   f. To keep the subject vehicle maintained in a safe operating condition;

   g. To ensure that the subject vehicle was operated by a person with proper training and experience, and who was sufficiently rested and compliant with governing regulations, including, without limitation, all provisions of the Federal Motor Carrier Safety Regulations; and/or

    h. To otherwise use due care in the operation of the aforesaid vehicle given the presenting facts and circumstances

11. At all times material, Defendants, DOOLEY, OSTENDORF and/or JOHN DOES 1-20, were careless and negligent and breached the aforesaid duties in ways which include, but are not limited to, one or more of the following:

    i. By traveling at an unsafe and excessive speed under the presenting circumstances;

    j. By failing to keep a safe and proper lookout;

    k. By failing to maintain a safe following distance

    l. By failing to yield the right of way

    m. By failing to maintain the subject commercial vehicle in a safe condition;

    n. By failing to take appropriate measures to ensure the person piloting the subject motor vehicle was properly trained, qualified, rested and/or otherwise compliant with governing regulations, including, without limitation, all provisions of the Federal Motor Carrier Safety Regulations; and/or

    o. In otherwise failing to use due care under the presenting circumstances.

12. As a direct and proximate result of the negligent acts and conduct of the Defendants, DOOLEY, OSTENDORF and/or JOHN DOES -20, as aforesaid, the vehicle operated by Defendant, OSTENDORF, collided with the rear of the vehicle driven by Plaintiff, TOOLAN, causing various harms and losses, specifically including serious spinal injuries, some or all of which are permanent in nature; including aggravations of certain pre-existing but formerly asymptomatic conditions; together with great physical pain, suffering, inconvenience and loss of enjoyment of life and which necessitated Plaintiff,

TOOLAN, to undergo extensive medical care and treatment to address her injuries and related harms and losses.

**WHEREFORE**, Plaintiff, CARLA TOOLAN, demands judgment for damages generally in excess of $75,000.00 and according to proof, against the Defendant(s), DOOLEY CONTRACTING, INC.; JOSEPH OSTENDORF; AND JOHN DOES 1 – 20 (fictitious designations), individually, jointly, severally, or in the alternative, together with interests and costs of suit.

### JURY DEMAND

Plaintiff, CARLA TOOLAN, hereby demands a trial by jury as to all issues.

By: _____
Mark Davis, Esq. (MD5052)
DAVIS & BRUSCA, LLC
Attorneys for Plaintiff

Dated: July 7, 2022